THE PEOPLE ex rel. R. R. PROVINES v. ALFRED RIX.

Police Judge of San Francisco.—The Police Judge of the City and County of San Francisco who is appointed to fill a vacancy holds the office for the same term his predecessor would have held it if no vacancy had occurred. His term does not expire when his successor is elected and qualified, but continues until the first day of January following.

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Rix, the defendant, was appointed Police Judge to fill the vacancy occasioned by the death of P. W. Shepheard, on the second day of January, 1866. At the judicial election held on the sixteenth day of October, 1867, the relator,

R. R. Provines, was elected Police Judge for two years, commencing on the first day of January, 1868, and received all the votes that were cast for the unexpired term. The proclamation for an election had not mentioned an unexpired term. Two certificates of election were issued to him, one for the term of two years, commencing on the first day of January, 1868, and the other for the unexpired term. Under the last certificate Provines claimed the office, and qualified and demanded it on the first day of November, 1867. Rix refused to surrender the office, and this proceeding by mandamus was instituted to recover the office. The Court below gave judgment for the relator, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*Theodore H. Hittell*, for Appellant, argued that a vacancy in the office of Police Judge could not be filled by an election, and that the Acts of 1863 and 1865, concerning the office of Police Judge, must be construed together, and so construed were not inconsistent.

*Wm. M. Pierson*, for Relator, argued that the Act of 1865 repealed the Act of 1863 so far as they conflicted, and that the Act of 1865 gave the relator the unexpired term.

By the Court, Currey, C. J.:

Rix was appointed to fill the vacancy in the office of Police Judge of the City and County of San Francisco, occasioned by the death of P. W. Shepheard, who was elected at the judicial election of 1865 to that office. The appointment of Rix was to fill the office for the unexpired term, as provided in section thirty-nine of the Act concerning officers, passed April 22d, 1863. (Laws of 1863, p. 391.)

The term of office of the Police Judge of San Francisco is prescribed by the fifty-seventh section of the Act concerning Courts of justice and judicial officers. (Laws of 1863,

p. 341.)  By said section it is provided that a Police Judge shall be elected at the special judicial election to be held for the election of Justices of the Supreme Court, and shall hold his office for two years from the first day of January next following the election.

The second section of the Act of the 9th of December, 1865 (Laws of 1865–6, p. 1), provides, "In case of a vacancy in the office of Police Judge, the Board of Supervisors of said city and county shall have power to appoint a suitable person, who is a resident and legal voter thereof, to fill the vacancy, who shall take the constitutional oath of office and enter upon his duties immediately.   The person so appointed shall hold the office until a Police Judge shall be elected at the next judicial election and qualified according to law."

The Act of 1865, considered in *pari materia* with the Act of 1863 above referred to, does not, in our judgment, authorize the relator to enter upon the office of Police Judge, in virtue of his election, before the commencement of the term prescribed by the fifty-seventh section of the Act concerning Courts of justice and judicial officers.

Judgment of the District Court against defendant, Rix, is hereby reversed.

Neither Mr. Justice SAWYER nor Mr. Justice SANDERSON expressed an opinion.